IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          *

 v.                                *  Criminal Case No. 21-cr-161-TJK

ANTHONY THOMAS                    *

*     *     *     *     *     *     *     *     *     *     *

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

Defendant Anthony Thomas by and through undersigned counsel, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress evidence seized in violation of the Fourth Amendment to the United States Constitution. In support thereof, Mr. Thomas states as follows:

### I.     INTRODUCTION

Mr. Thomas is charged in a two-count indictment alleging Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable Felon in Possession of a Firearm and Ammunition; in violation of 18 U.S.C. §922(g)(1), and Unlawful Possession of a Firearm by a Person with a prior conviction. D.C. Code §2-4503(a)(1) and (b)(1).  Members of the Metropolitan Police unlawfully stopped and searched Mr. Thomas as he attempted to walk from one location to another.  Any items recovered from Mr. Thomas' person during his seizure and subsequent search should be suppressed as the fruit of a poisonous tree.

### II.     FACTUAL BACKGROUND

On May 19, 2025, at approximately 4:49 p.m. officers of the Metropolitan Police were on routine patrol in the 3400 block of Stanton Road, S.E.   Mr. Thomas

1

was standing in front of an apartment building with one other male and one female. Mr. Thomas took a phone from his pants pocket and began talking and recording one of the officers on the sidewalk. Mr. Thomas briefly interacts with the officer, before turning to walk away. The officer then commands the two other officers who are in Mr. Thomas' path to stop him. Officers restrain Mr. Thomas' arms and recover a firearm from his person.

### III. ARGUMENT

#### A. The Stop of Mr. Thomas Was Not Supported by Reasonable Suspicion of Criminal Activity

In this case, officers were on routine patrol when they randomly encountered Mr. Thomas standing outside of an apartment building. Mr. Thomas' choice to walk away did not provide reasonable suspicion for officers to search his person. See United States v. Castle, 825 F. 3d 625, 635 (officers must identify specific, articulable facts pointing to the defendant). Here, Mr. Thomas was not the subject of an investigation, did not engage in suspicious movements, and simply chose to walk away after calmly waiting in view of the officers. His behavior did not establish reasonable suspicion.

#### B. The Frisk of Mr. Thomas Was Not Supported by Reasonable Suspicion.

In this case, the body worn camera directly contradicts any claim an officer would make that he noticed a firearm on Mr. Thomas' person. Mr. Thomas is wearing baggy all black clothes, and no bulge or outline of any object, much less a firearm, is visible on his person. This Circuit has rejected reliance on these types of vague assertions. In *Castle,* 825 F.3d at 634, the court cautioned that vague references to "furtive movements" cannot establish reasonable suspicion absent

corroborating factors. The video evidence, showing no visible weapon, undermines any reasonable basis for suspicion. The fact that Defendant stood calmly near an officer for nearly two minutes before walking away further undercuts any inference of danger.

## IV.     CONCLUSION

For the foregoing reasons, because the officers lacked reasonable suspicion to stop Mr. Thomas and lacked any valid basis to frisk him. The search of Mr. Thomas was unconstitutional, and the firearm must be suppressed.

Respectfully submitted,

*Alfred Guillaume*
_____
Alfred Guillaume III, Esq.
1350 Connecticut Ave. NW, Suite 308
Washington, D.C. 20036

*Counsel for Defendant*
*Anthony Thomas*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th of September 2025, a copy of the foregoing Motion was served electronically via ECF to: Office of the United States Attorney for the District of Columbia

*Alfred Guillaume*
_____
Alfred Guillaume III

3